UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JIM AARON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO.  3:03-CV-656-RM |
| ) | |
| MERRILL LYNCH, PIERCE, ) | |
| FENNER & SMITH and ) | |
| SUSAN J. MAHL a/k/a ) | |
| SUSAN J. SCOTT, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Jim Aaron filed this diversity action against Merrill Lynch, Pierce, Fenner & Smith, and Susan Mahl a/k/a Susan Scott to in an attempt to obtain certain account funds that Merrill Lynch holds for the benefit of Ms. Scott. The case is essentially a dispute between Mr. Aaron and Ms. Scott, but because Merrill Lynch holds the disputed funds, Mr. Aaron also claimed Merrill Lynch was independently liable for damages he suffered as a result of its wanton refusal to turn the funds over. Mr. Aaron moved for summary judgment on his claim Merrill Lynch acted contrary to law by refusing to turn over the funds, and Merrill Lynch and Ms. Scott filed cross-motions for summary judgment on this claim. Merrill Lynch also moved for summary judgment on its own interpleader counterclaim and cross-claim. On September 27, 2004, the court entered an order abstaining from ruling on these motions and staying the case pending resolution of a nearly identical legal issue in the Laporte Circuit Court proceeding, which began before suit in this

court. Because the Indiana Court of Appeals has decided the legality of the state court writ of execution, *see* Aaron v. Scott, 851 N.E.2d 309, 314 (Ind. Ct. App. 2006) *trans. denied* January 11, 2007, the court reinstated the case and ordered supplemental briefing on the pending motions. Ms. Scott has since filed a motion for summary judgment on Merrill Lynch's interpleader cross-claim.

The court assumes the reader's familiarity with the basic facts of the case as set forth in the court's September 27, 2004 order. The purpose of Mr. Aaron's federal suit has been to obtain Ms. Scott's account funds. Merrill Lynch has never claimed a legal interest in the disputed funds; rather, its role in this litigation has been that of a stakeholder because it holds the accounts containing the funds. Mr. Aaron alleged Merrill Lynch was independently liable because it acted contrary to law by refusing to turn over the funds pursuant to a writ of execution signed by the clerk of the Laporte Circuit Court in August 2003. The legality of the state writ of execution was unclear when Mr. Aaron filed his federal suit. The Laporte Circuit Court eventually quashed the writ in March 2005, holding that it "should never have been issued" because the court previously had determined it didn't have jurisdiction over funds that had been transferred from Indiana to accounts in South Carolina. The Indiana Court of Appeals affirmed the order quashing the writ, holding that "[w]here [ ] a trial court has issued a valid, effective order, a court clerk may not issue an enforcement directive in contravention of that order." *See* Aaron v. Scott, 851 N.E.2d at 314. The court therefore agrees with Merrill Lynch that it didn't act contrary to law by refusing to turn over the assets

pursuant to the August 2003 writ of execution, so Mr. Aaron isn't entitled to judgment as a matter of law on his claim Merrill Lynch was independently liable; his motion for summary judgment is denied. The court grants Merrill Lynch's cross-motion for summary judgment on Mr. Aaron's claim of liability against it.

Ms. Scott argues in her supplemental brief that the principles of res judicata bar this suit in the entirety. The court disagrees. "[F]ederal courts must give the judgments of state courts the same full faith and credit that those judgments would receive in the rendering state's courts, as long as the state judgment satisfied constitutional due process requirements." Froebel v. Meyer, 217 F.3d 928, 933 (7th Cir. 2000); 28 U.S.C. § 1738. Under Indiana law, a claim is barred if: (1) there a judgment on merits entered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; and (3) the controversy adjudicated in the former action must have been between parties to the present suit or their privies. Indianapolis Downs, LLC v. Herr, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005). The Laporte Circuit Court is a court of competent jurisdiction, Richter v. Asbestos Insulating & Roofing, 790 N.E.2d 1000, 1003 n.1 (Ind. Ct. App. 2003), and the parties in this case are the same as the state action, so the only issue is whether there was a judgment on the merits as to the issues presented before this court.

Ms. Scott casts the issue in this suit as Merrill Lynch's independent liability to Mr. Aaron for refusing to comply with the writ of execution, which was decided by the state trial court, affirmed by the Indiana Court of Appeals, and entitled to

3

full faith and credit. Mr. Aaron, however, has also sued Ms. Scott seeking the turnover of funds in her accounts under a replevin theory. He says the state court judgment against Ms. Scott has divested her of a lawful interest in the funds, entitling him to immediate possession. Whether Mr. Aaron can obtain possession of the funds in these accounts under a theory of replevin wasn't before the state court, so Ms. Scott's motion for summary judgment on this action in its entirety under res judicata is denied.

Merrill Lynch says it is a disinterested stakeholder in this dispute and seeks to deposit the disputed funds with the court so that Mr. Aaron and Ms. Scott may interplead their claims. The purpose of an interpleader action is to protect a stakeholder from incurring expenses associated with double litigation and to protect it from facing the risk of double liability; statutory interpleader allows a stakeholder to sue all those parties who are or might assert claims to a common fund or property held by the stakeholder, and lets the claimants litigate about which party is entitled to the assets. <u>Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.</u>, 448 F. 2d 501, 504 (7th Cir. 1971). An interpleader action generally involves two stages: the court must first determines whether the prerequisites to statutory interpleader have been met, and if interpleader is available and appropriate, it may issue an order discharging the stakeholder and directing the claimants to interplead. 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1714 (3d ed. 2001). If the court determines that interpleader is improper, the proceedings should be dismissed before the court reaches the

second stage of the interpleader, which involves the determination of the respective rights of the claimants to the stake. Id.

The basic jurisdictional prerequisite for maintaining a statutory interpleader action is that there be diverse "adverse claimants" to a particular fund or property. 28 U.S.C. § 1335. The parties don't dispute diversity or that the funds Merrill Lynch holds constitute a "single stake," but to establish adversity, Merrill Lynch must demonstrate "a real and reasonable fear of double liability or vexatious, conflicting claims." Indianapolis Colts v. Mayor and City Council of Baltimore, 741 F.2d 954, 956 (7th Cir. 1984); *see also* 7 Wright, Miller, & M. Kane, Federal Practice and Procedure: Civil 3d § 1704 (3d ed. 2001) ("The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder (the so-called "first stage" of interpleader) is whether the stakeholder legitimately fears multiple vexation directed against a single fund."). Ms. Scott cross-moves for summary judgment on Merrill Lynch's interpleader claim, arguing the court doesn't have statutory jurisdiction over the stake because Merrill Lynch hasn't shown conflicting claims against the funds, so Merrill Lynch cannot have a reasonable and legitimate fear of multiple litigation concerning the funds. The court disagrees.[1]

---

[1] Merrill Lynch argues that Ms. Scott's summary judgment motion is untimely, but the court disagrees. Ms. Scott's motion argues that the court lacks subject matter jurisdiction, which can be addressed at any time, even by the court on its own initiative. *See* FED. R. CIV. P. 12(h)(3). While the court already determined that it had jurisdiction over Merrill Lynch's interpleader counterclaim and cross-claim pursuant to diversity jurisdiction, the court made no determinations of statutory jurisdiction under 28 U.S.C. § 1335. SEE DOC. NO. 32. Because Merrill Lynch seeks to deposit the account funds in this court and have the adverse claims interpleaded, the court must determine statutory jurisdiction. *See, e.g.,* Percival Const. Co. v. Miller & Miller Auctioneers, Inc., 532 F.2d

5

Ms. Scott says Mr. Aaron isn't an adverse claimant because Merrill Lynch cannot prove "Mr. Aaron has made a valid claim against the fund." Mr. Aaron says Ms. Scott no longer has a lawful interest in the account funds, so he is entitled to possession based on a theory of replevin. Whether this claim is meritorious is unclear at this point, but a court isn't required to assess the merits of the competing claims in determining whether interpleader is appropriate because "[t]he stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." John Hancock Mutual Life Ins. Co. v. Kraft, 200 F.2d 952, 954 (2d Cir. 1953) (citation omitted); *see also* 7 Wright, Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 1704 (3d ed. 2001) ("It is immaterial whether the stakeholder believes that all claims against the fund are meritorious. Indeed, in the usual case, at least one of the claims will be quite tenuous."). Merrill Lynch has sufficiently established that Mr. Aaron is adverse to Ms. Scott and the account funds.

Ms. Scott also says she isn't adverse to the funds because she is the owner of the accounts, but the court disagrees. In support of her argument, Ms. Scott cites American Family Mut. Ins. Co. v. Roche, 830 F. Supp. 1241, 1248 (E.D. Wis. 1993), in which the district court found an auto insurer wasn't an adverse claimant to disputed policy benefits because in the insurance context, a claimant

---

166, 171 (10th Cir. 1976). As such, the court cannot say Ms. Scott should be prevented from attacking jurisdiction at this point. For the same reason, Mr. Aaron's motion to strike her summary judgment is denied. Mr. Aaron seeks in the alternative the opportunity to file a brief in opposition, but because the court denies Ms. Scott's motion, his request is denied as moot.

is an entity claiming benefits under the policy, which for liability coverage is the insured or those injured by the insured. In the context of account funds, however, interpleader is appropriate where two parties claim possession of the same assets held by an disinterested financial institution. Fidelity Brokerage Services, LLC v. Bank of China, 192 F. Supp.2d 173, 178-180 (S.D.N.Y. 2002) ("Fidelity faced the Bank's claims to the assets on the one hand, evidenced by its application for and securement of the ex parte attachment orders, and the counterclaimant defendants' claims to the same assets on the other hand, evidenced by their vigorous opposition to the attachment orders."). Ms. Scott's adversity to the funds can be evidenced by her claim of ownership in the accounts, her threatening to sue Merrill Lynch for releasing the funds, and her opposition to Mr. Aaron's possession of the funds. Id.

Finally, Ms. Scott says Merrill Lynch has not established a real and reasonable fear of double liability or vexatious, conflicting claims. Mr. Aaron has sued Merrill Lynch in this court, and in the court of common pleas in South Carolina, and Merrill Lynch has been threatened with litigation by Ms. Scott if it releases the funds to Mr. Aaron. Still, Ms. Scott argues that the Indiana Court of Appeals already has determined that Mr. Aaron has no valid claim in Indiana against these accounts, so Merrill Lynch cannot have a good faith belief that it is susceptible to conflicting claims. The court disagrees.

The Laporte Circuit Court determined that the state writ of execution was unlawful because that court couldn't order funds located in Ms. Scott's South

7

Carolina accounts back to Indiana to satisfy a foreign judgment since the situs of the accounts containing the funds was Ms. Scott's legal domicile. In other words, the Laporte Circuit Court had no *in rem* jurisdiction over the accounts, so the attachment of the funds pursuant to judgment should be accomplished through a court in Ms. Scott's state of residence or an appropriate federal court. What remains before this court isn't the enforcement of a foreign judgment or Merrill Lynch's independent liability for not complying with the writ of execution. Instead, Mr. Aaron sues Ms. Scott seeking possession of the accounts under a theory of replevin, with Merrill Lynch filing a counterclaim and cross-claim for interpleader. Mr. Aaron and Ms. Scott have been served with process, and because they are diverse, adverse claimants to a single stake over $500, this court can exercise jurisdiction over the funds for purposes of requiring their deposit and determining the claimants' respective rights pursuant to the Federal Interpleader Act. *See* 28 U.S.C. §§ 1335, 1397, 2361; FED. R. CIV. P. 4(k)(C). The state court rulings don't prevent this court from adjudicating Mr. Aaron's claim for possession of the disputed funds, so the court cannot say Merrill Lynch has failed to establish that it has a real and reasonable fear of double liability or vexatious, conflicting claims.

In sum, Merrill Lynch has sufficiently demonstrated the prerequisites to statutory interpleader, so the court grants its motion for judgment on its interpleader counterclaim and cross-claim, and Mr. Aaron and Ms. Scott are ordered to interplead their respective claims as to the disputed funds. But because it appears from the record that the disputed funds are frozen pursuant to the

8

Laporte Circuit Court's January 13, 2003 freeze order, this order will become effective only upon the filing of notice that the state court freeze order has been modified to allow their deposit. Merrill Lynch then shall liquidate and deposit the funds in the disputed accounts into the court's registry. The clerk of the court shall maintain the funds in an interest bearing account and not withhold any part of the funds for federal tax purposes. Upon deposit, Merrill Lynch shall be discharged of further liability to either adverse claimant with respect to the funds, and Mr. Aaron and Ms. Scott shall be enjoined from instituting, prosecuting, or maintaining any other proceeding that is inconsistent with this interpleader action or affects the dispute funds, specifically including actions against Merrill Lynch.

Merrill Lynch also seeks attorneys' fees and costs, which a court may award in an interpleader action if such costs are determined to be reasonable, <u>Union Central Life Ins. Co., v. Hamilton Steel Prods., Inc.</u>, 493 F. 2d 76, 79 (7th Cir. 1974), and the stakeholder's efforts are not part of its normal course of business. <u>Travelers Indem. Co. v. Israel</u>, 354 F.2d 488, 490 (2nd Cir. 1965). Mr. Aaron seeks an additional briefing schedule on this issue, and because Merrill Lynch hasn't submitted any documentation of its fees and costs that would allow the court to determine whether its request is reasonable, the court declines to address Merrill Lynch's request at this time.

Finally, Mr. Aaron's replevin claim against Ms. Scott remains. He urges the court to enter judgment on this claim because "all issues between him and [Ms.

9

Scott] with respect to entitlement in the accounts have now been resolved adversely to [her]." The court cannot agree, and because Ms. Scott should be provided the opportunity to brief this issue, the court declines to order the funds turned over to him.

Accordingly, Mr. Aaron's motion for summary judgment on his claim Merrill Lynch acted contrary to law by not releasing the funds [Doc. No. 12] is DENIED; Merrill Lynch's motions for judgment on its counterclaim and cross-claim for interpleader, and its cross-motion for summary judgment on Mr. Aaron's claim of independent liability against it [Doc. Nos. 69 and 72] are GRANTED; Ms. Scott's motions for summary judgment [Doc. 62 and 97] are DENIED; and Mr. Aaron's motion to strike [Doc. No. 102] is DENIED AS MOOT. Mr. Aaron's claim of replevin against Ms. Scott continues to pend. Upon deposit of the disputed funds with the court's registry, this matter will be set for a status conference to address any remaining discovery or briefing issues.

SO ORDERED.


Dated:   June 25, 2007


　　　　　　　　　　　　　　　  /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court