UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JIM AARON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|     vs. | )   CAUSE NO.  3:03-CV-656-RM |
| | ) |
| MERRILL LYNCH, PIERCE, | ) |
| FENNER & SMITH and | ) |
| SUSAN J. MAHL a/k/a | ) |
| SUSAN J. SCOTT, | ) |
| | ) |
|     Defendants | ) |

OPINION AND ORDER

Susan Scott moves for reconsideration of the June 25, 2007 opinion and order that, among other things, denied her motions for summary judgment on Jim Aaron's complaint and Merrill Lynch's interpleader cross-claim. For the following reasons, the court denies her motion to reconsider.

"The time of a motion's service controls whether a motion challenging a judgment is a 60(b) or a 59(e) motion." Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1995). Ms. Scott's motion to reconsider was served within ten days from the order's entry, so the court considers it a motion under FED. R. CIV. PRO. 59(e). Id. A court may grant a Rule 59(e) motion to alter or amend a judgment if the movant presents newly discovered evidence that was not available at the time of the decision or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact. Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996). "Manifest error isn't demonstrated by the disappointment of the losing

party . . . [i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." <u>Oto v. Metropolitan Life Ins. Co.</u>, 224 F.3d 601, 606 (7th Cir. 2000). Ms. Scott says the court's June 25 order incorrectly overlooked pertinent law regarding the remedy of replevin, is inconsistent with its prior September 2004 order, and missed the failure of the plaintiffs complaint to state a claim for which repelvin can be granted. The court disagrees.

The court's order didn't address the propriety of Mr. Aaron's replevin claim. Indeed, the court denied Mr. Aaron's request for judgment on this claim because Ms. Scott "should be provided the opportunity to brief this issue." "Issues relating to the merits of the action should be deferred until the so called 'second stage' of interpleader." 7 WRIGHT, MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1704 (3d ed. 2001). These arguments are therefore premature, and Ms. Scott will have the opportunity to raise defenses to Mr. Aaron's replevin claim.

Ms. Scott also believes the court's order is inconsistent with it September 2004 order, wherein the court stated:

> Although his precise legal theory of recovery is not entirely clear, Mr. Aaron's complaint evinces that he wants this court to enforce the writ of execution issued by the clerk of the LaPorte Circuit Court. Mr. Aaron specifically asks the court to, among other things, "[o]rder Merrill Lynch to immediately turn over all property in its dominion and control in which Susan Scott a/k/a Susan Mahl holds any interest."

The court doesn't read its opinion to profess that Mr. Aaron's sole legal theory is the illegality of the state court writ of execution. The court stayed the case because

2

a claim against Merrill Lynch was proceeding in two courts at once. To the extent Mr. Aaron brings a claim against Ms. Scott based on a replevin theory, this court has jurisdiction over the accounts under the Federal Interpleader Act, and the LaPorte Circuit Court's rulings don't precluded this court from hearing adverse claims against the disputed funds. Ms. Scott hasn't clearly established a manifest error of law or fact in the court's June 25 order, so her motion to amend is DENIED [Doc. No. 110].

Ms. Scott also seeks oral argument on her motion to reconsider and has moved to strike certain portions of Mr. Aaron's response. Because the court finds no manifest error in its order, it denies Ms. Scott's motion for oral argument [Doc. No. 114]. Ms. Scott's filings — Docket numbers 115 and 116— are both entitled "reply in support of motion for reconsideration and motion to strike certain irrelevant allegations from plaintiff's response." The documents make identical allegations but presumably one is her reply in support of reconsideration and one is her motion to strike. Such duplicate filings evince the need for Local Rule 7.1(b), which provides "[e]ach motion shall be separate." In any event, the allegations contained in the first and second paragraphs of Mr. Aaron's response weren't considered in ruling on the motion to reconsider. For these reasons, her motion to strike is also denied.[1]

---

[1] Ms. Scott hasn't identified with any specificity the "litany of allegations" that are irrelevant to the consideration of her motion, but the court assumes these paragraphs, which appear to question Ms. Scott's veracity, encompass the objectionable assertions.

Because no notice has been given that LaPorte Circuit Court has modified its January 13, 2003 freeze order, the court declines at this time to grant Merrill Lynch's motion for entry of partial final judgment and to establish a briefing schedule on the issue of attorneys' fees and costs. Once the state court's freeze order has been modified, Merrill Lynch shall liquidate and deposit the disputed funds in the court's registry without Merrill Lynch withholding any part of the funds for federal tax purposes.

SO ORDERED.

Entered:  August 10, 2007

        /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court