UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JIM AARON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO.  3:03-CV-656-RM |
| | ) |
| MERRILL LYNCH, PIERCE, | ) |
| FENNER & SMITH and | ) |
| SUSAN J. MAHL a/k/a | ) |
| SUSAN J. SCOTT, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Jim Aaron filed this diversity action against Merrill Lynch, Pierce, Fenner & Smith, and Susan Mahl a/k/a Susan Scott in an attempt to obtain certain account funds that Merrill Lynch holds for the benefit of Ms. Scott and for damages Mr. Aaron claims he suffered as a result of Merrill Lynch's refusal to turn over these assets. Although Mr. Aaron named Merrill Lynch as a defendant, his suit has been aimed at obtaining Ms. Scott's account funds, and Merrill Lynch has never claimed a legal interest in the disputed funds. This cause is before the court on Merrill Lynch's verified motion for award of attorneys' fees and costs in the interpleader action. For the reasons set forth below, the court grants Merrill Lynch's motion for fees.

I. PROCEDURAL BACKGROUND

The court assumes the reader's familiarity with the basic facts of the case as set forth in the court's September 27, 2004 and June 25, 2007 orders. On June 25, 2007, the court granted Merrill Lynch's motions for summary judgment on its interpleader claims and its cross-motion for summary judgment on Mr. Aaron's claim of independent liability against it. The court denied both Mr. Aaron's motion for summary judgment against Merrill Lynch and Ms. Scott's motion for summary judgment against Mr. Aaron. The court clarified that Mr. Aaron's replevin claim against Ms. Scott continues to pend and ordered Mr. Aaron and Ms. Scott to interplead their respective claims as to the disputed funds. This order became effective on August 15 when the Laporte Circuit Court lifted its freeze order to allow deposit of the disputed funds into the federal court registry.

After deposit of the disputed funds, Merrill Lynch moved the court to issue an order directing Ms. Scott to show cause why she should not be held in contempt of the court's previous order by continuing to pursue litigation in state court. The court granted Merrill Lynch's motion to the extent the court interpreted its June 25, 2007 order as prohibiting all parties from instituting any proceeding inconsistent with the federal interpleader action or that affects the disputed funds, but denied the motion insofar as it sought a finding of contempt against Ms. Scott. The court also granted Merrill Lynch's request for entry of final judgment on its interpleader claims pursuant to Federal Rule of Civil Procedure 54(b) and provided the parties thirty days for the submission of motions for attorneys' fees and costs.

Merrill Lynch now seeks an award of attorneys' fees and costs as the prevailing party on its interpleader claims.

## II. DISCUSSION

A court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business. *See* Union Cent. Life Ins. Co., Inc. v. Hamilton Steel Prods., Inc., 493 F.2d 76, 79 (7th Cir. 1974); Travelers Indem. Co. v. Israel, 354 F.2d 488, 490 (2d Cir. 1965) (holding that the court need not award fees where the stakeholder is an insurer that incurs such fees as a part of their ordinary course of doing the business of their insureds). Fees and costs generally are available only when the party initiating the interpleader acted as an innocent and otherwise disinterested shareholder who has conceded liability, deposited the disputed funds into the court registry, and is in no way culpable in necessitating the dispute. *See* Lutheran Bhd. v. Comyne, 216 F. Supp. 2d 859, 863 (D.C. Wis. 2002); *see also* Fidelity Brokerage Servs., LLC v. Bank of China, 192 F. Supp. 2d 173, 183 (S.D.N.Y. 2002). Securities firms, in particular, may be awarded attorneys' fees and costs where the firm is a disinterested stakeholder in an interpleader action. *See e.g.,* Landmark Chems., SA v. Merrill Lynch & Co., 234 F.R.D. 62, 63-64 (S.D.N.Y. 2005) (awarding $52,389.01 in attorneys' fees and costs to Merrill Lynch but reducing the award to reflect a reasonable number of hours spent on an interpleader claim);

Correspondent Servs. Corp. v. J.V.W. Investments Ltd., 204 F.R.D. 47, 49 (S.D.N.Y. 2001) (awarding $17,975.58 in fees and costs where the ordinary course of business exception didn't apply to a securities brokerage firm); Smith Barney, Harris Upham & Co. v. Connolly, 887 F. Supp. 337 (D. Mass. 1994) (awarding $13,386.25 in attorneys' fees and costs to securities brokerage firm in interpleader action).

In setting a reasonable award, courts may consider the following factors: (1) the complexity of the case; (2) whether the stakeholder performed any unique services to the court or the claimant; (3) good faith and diligence on the part of the stakeholder; (4) whether the services rendered benefitted the stakeholder; and (5) to what extent the stakeholder protracted the proceedings. Landmark Chems. v. Merrill Lynch, 234 F.R.D. at 63-64 (citing 7 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 1719 (3d ed. 2001)). The court typically determines the award by multiplying a reasonable number of hours by a reasonable hourly rate. Id.

Merrill Lynch argues that it's entitled to reasonable fees incurred in both this action and the related proceedings in Laporte Circuit Court. Mr. Aaron contends that Merrill Lynch is not entitled to fees because it entered the present conflict for its own protection. The court has acknowledged numerous times that Merrill Lynch has "never claimed a legal interest in the disputed funds," and, rather, it "is only involved insofar as it holds some assets belonging to Ms. Scott." Merrill Lynch has consistently maintained that it does not own the assets in

4

question, and its assertion of the interpleader claims, as well as its defense to Mr. Aaron's federal claims, do not alter Merrill Lynch's status as an innocent and disinterested stakeholder. *See* Merrill Lynch, Pierce, Fenner & Smith Inc. v. Clemente, 2001 WL 11070, *7 (S.D.N.Y. Jan. 4, 2001) (awarding attorneys' fees to securities firm for costs incurred in asserting interpleader claims as well as expenses incurred in defending itself against related counterclaims).

Several considerations justify awarding Merrill Lynch attorneys' fees and costs for expenses incurred as a result of the federal litigation. This is a complex case involving extensive discovery and motions practice, and Merrill Lynch is a disinterested stakeholder who has been successful in preserving and growing the funds during the pendency of the litigation. Contrary to Ms. Scott's argument that Merrill Lynch shouldn't be able to recover its expenses because it was contractually obligated to provide these services, Merrill Lynch's actions were that of a securities brokerage firm not acting within the ordinary course of business. *See* Correspondent Servs. Corp. v. J.V.W. Investments Ltd., 204 F.R.D. at 49 (holding that the typically expected costs associated with running a securities brokerage business are not covered by the ordinary course of business exception to recovering attorneys' fees in interpleader actions).

Moreover, Merrill Lynch acted in good faith and with diligence in relation to the federal action. Mr. Aaron says Merrill Lynch failed to expeditiously seek a judicial determination of the disputed funds by not paying the funds into the court's registry until four years after it was ordered to do so, but Merrill Lynch was

5

bound by the Laporte Circuit Court's January 2003 freeze order. As noted in the court's June 25, 2007 order, summary judgment on Merrill Lynch's interpleader claims became effective only after the freeze order was modified to allow deposit of the funds into the federal court registry. In addition, the legal services rendered by Boveri Murphy Rice & LaDue, LLP appear to have benefitted Merrill Lynch. Although Mr. Aaron and Ms. Scott disagree as to which party is responsible for the length and complexity of the litigation, Merrill Lynch did not improperly prolong the proceedings or institute the filing of multiple lawsuits in multiple jurisdictions.

While Merrill Lynch is entitled to attorneys' fees and costs incurred in asserting its interpleader claims and defending against Mr. Aaron's federal cause of action, the court cannot find it proper to order reimbursement of expenses resulting from the proceedings before the Laporte Circuit Court. These expenses are not so directly related to the federal action as to justify Merrill Lynch's recovery from the interpleader fund and are, therefore, denied.

Unlike the state court claims, the court can address the reasonableness of expenses incurred in defending against Mr. Aaron's federal claim. Mr. Aaron alleged that Merrill Lynch acted contrary to law by refusing to turn over the disputed funds pursuant to a writ of execution signed by the state court clerk.[1] Merrill Lynch can recover its expenses in defending against this claim because the

---

[1] In March 2005, the Laporte Circuit Court held that the writ "should never have been issued," and the Indiana Court of Appeals affirmed. As such, the court granted summary judgment on Mr. Aaron's federal claim against Merrill Lynch, finding that Merrill Lynch didn't act contrary to law by refusing to turn over the assets pursuant to the writ and that Mr. Aaron wasn't entitled to judgment as a matter of law on his claim that Merrill Lynch was independently liable.

6

claim was directly related to establishing that Merrill Lynch was a disinterested stakeholder in the interpleader action. *See* Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Clemente, 2001 WL 11070 at *7 ("[T]o the extent Clemente's counterclaims arose from actions taken by Merrill Lynch as a result of being subject to multiple claims and in commencing the interpleader action, any expenses Merrill Lynch incurred in defending itself against those counterclaims are therefore recoverable.").

Merrill Lynch seeks $63,634.88 in fees and costs incurred in connection with the federal interpleader action. Mr. Aaron doesn't specifically challenge the hours billed or the fees charged for particular tasks in relation to the federal action. The court has reviewed the documentation submitted by Merrill Lynch and agrees that the amount requested is reasonable. Merrill Lynch's proposed hourly rates are commensurate with those typical in the prevailing community, and counsels' services involved more than in a typical case involving a stakeholder discharge, i.e., the briefing of multiple summary judgment motions and cross-motions as well as preparation for several hearings. Accordingly, the court awards Merrill Lynch attorneys' fees and costs in the amount of $63,634.88 to be deducted from the funds deposited with the court and paid to Merrill Lynch to compensate them for their reasonable expenses incurred with respect to the federal action.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Merrill Lynch's motion for attorneys' fees and costs [Doc. No. 135] as follows:

    (a) Merrill Lynch is awarded attorneys' fees and costs in the sum of $63, 634.88, and

    (b) Merrill Lynch's attorneys' fees and costs shall be awarded from the funds deposited in the federal registry.

SO ORDERED.

Entered: <u>March 25, 2008</u>

                                  /s/ Robert L. Miller, Jr.
                                Chief Judge
                                United States District Court

cc:    counsel of record