UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JIM AARON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  3:03-CV-656-RM |
| ) | |
| MERRILL LYNCH, PIERCE, ) | |
| FENNER & SMITH and ) | |
| SUSAN J. MAHL a/k/a ) | |
| SUSAN J. SCOTT, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Jim Aaron filed this diversity action against Merrill Lynch, Pierce, Fenner & Smith, and Susan Mahl a/k/a Susan Scott in an attempt to obtain certain account funds that Merrill Lynch holds for Ms. Scott's benefit, and for damages Mr. Aaron claims he suffered as a result of Merrill Lynch's refusal to turn over these assets. This cause is before the court on Ms. Scott's motion for stay based on proceedings pending in South Carolina, Mr. Aaron's motion for summary judgment, and Ms Scott's renewed motion for stay based on her appeal of the court's November 14, 2007 order. For the reasons set forth below, the court grants Ms. Scott's renewed motion for stay, denies her original motion for stay as moot, and denies Mr. Aaron's motion for summary judgment without prejudice.

The court assumes the reader's familiarity with the basic facts of the case as set forth in the court's September 27, 2004 and June 25, 2007 orders. On June 25, 2007, the court granted Merrill Lynch's motions for summary judgment on its

interpleader claims and granted summary judgment on Merrill Lynch's cross-motion for summary judgment on Mr. Aaron's claim of independent liability against it. The court denied Mr. Aaron's motion for summary judgment against Merrill Lynch and Ms. Scott's motion for summary judgment against Mr. Aaron. The court ordered Mr. Aaron and Ms. Scott to interplead their respective claims to the disputed funds, which the court ordered to be liquidated and deposited in the federal court registry upon modification of the state court freeze order.

On August 15, 2007, the LaPorte Circuit Court lifted its freeze order, allowing Merrill Lynch to comply with this court's orders by depositing the disputed funds into the federal court registry. After deposit of the funds, Merrill Lynch moved the court to enter final judgment on its interpleader claims pursuant to Federal Rule of Civil Procedure 54(b), and the court granted Merrill Lynch's request. Ms. Scott filed a notice of appeal of this decision on December 14, 2007. On that same date, Ms. Scott moved the court for a stay of proceedings pending the disposition of all issues raised in the proceedings initiated by Mr. Aaron against Ms. Scott in the South Carolina state court. Thereafter, Mr. Aaron moved the court for summary judgment on its claims against Ms. Scott, requesting turnover of the funds on deposit with the clerk of this court. Ms. Scott didn't respond to Mr. Aaron's summary judgment motion, but instead renewed her motion for stay, claiming that the court is without jurisdiction to consider Mr. Aaron's motion because the issues raised in that motion are currently before the court of appeals. Mr. Aaron didn't respond to Ms. Scott's renewed motion for stay.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Wisconsin Mut. Ins. Co. v. United States, 441 F.3d 502, 504 (7th Cir. 2006) (*quoting* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). While a district court may act on certain matters after the filing of a notice of appeal, *see* Fed. R. Civ. P. 60(a) (addressing correction of clerical errors in judgment or orders); Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995) ("A district court may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause"); Patzer v. Bd. of Regents of Univ. of Wisc. Sys., 763 F.2d 851, 859 (7th Cir. 1985) (notice of appeal doesn't affect the court's power to act on a petition for attorneys' fees), a district court may not address those issues involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. at 58; May v. Sheahan, 226 F.3d 876, 879 (7th Cir. 2000) ("[T]he district court retains jurisdiction to act only if the order being appealed . . . is a discrete matter ancillary to the issues under consideration in the other court.").

Ms. Scott claims in her renewed motion for stay that the court is without jurisdiction to consider Mr. Aaron's motion for summary judgment because her appeal of the court's November 14, 2007 order raises the same issues as involved in Mr. Aaron's request for turnover of the disputed funds. Ms. Scott argues in her appellate brief that the Indiana state court's final orders preclude Mr. Aaron's claims, and as such, she is entitled to judgment against Mr. Aaron. Ms. Scott

3

contends that, in the absence of Mr. Aaron's adverse claim, interpleader should have been denied because Merrill Lynch can't establish conflicting claims against the disputed funds as well as a reasonable and legitimate fear of multiple litigation necessary to justify the exercise of jurisdiction under the Federal Interpleader Act. Ms. Scott also claims that Mr. Aaron failed to state a claim for replevin, and the court erred in identifying this claim as one to enforce the state court judgment in favor of Mr. Aaron.

Mr. Aaron's summary judgment motion presents two basis of entitlement to the disputed funds. First, Mr. Aaron argues that he is entitled to judgment on his replevin claim. Alternatively, Mr. Aaron maintains that he established superior claim to the disputed funds by way of interpleader. Accordingly, Mr. Aaron's request for turnover of the disputed funds involves precisely the same aspects of the case that are currently on appeal. Once Ms. Scott filed her notice of appeal, the court was without jurisdiction to entertain Mr. Aaron's motion for summary judgment. As such, the court grants Ms. Scott's renewed motion for stay and denies Mr. Aaron's motion for summary judgment without prejudice to refile following a decision by the court of appeals.

In addition, Ms. Scott originally requested that the case be stayed pending resolution of the separate action filed by Mr. Aaron in the Court of Common Pleas for the County of Beaufort in the state of South Carolina. Ms. Scott argues that this case and the South Carolina action are parallel, and the court should abstain from deciding the issues presented by Mr. Aaron's motion for summary judgment

4

under the Colorado River abstention doctrine. Given Ms. Scott's pending appeal, the court need not reach the merits of the motion.

For the foregoing reasons, the court GRANTS Ms. Scott's renewed motion for stay [Doc. No. 147], DENIES Ms. Scott's original motion for stay as moot [Doc. No. 132], and DENIES Mr. Aaron's motion for summary judgment without prejudice [Doc. No. 144].

It is ORDERED that the proceedings in this case be stayed until further order of this court. It is FURTHER ORDERED that the clerk of the court mark this action closed for statistical purposes, and that the court shall retain jurisdiction and this case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition. This order shall not prejudice the rights of the parties to this litigation.

SO ORDERED.

Entered: June 25, 2008

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court